IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RENEE GIRON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SUBARU OF AMERICA, INC.,<br><br>Defendant. | Case No. 1:22-cv-00075 |

## DEFENDANT SUBARU OF AMERICA, INC.'S NOTICE OF REMOVAL

Defendant Subaru of America, Inc., ("Subaru") hereby files this Notice of Removal of this action from the Circuit Court of Cook County, Illinois, County Department – Chancery Division to the United States District Court for the Northern District of Illinois. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453 on the basis of the following facts, which show that this case may be properly removed to this Court.[1]

### PROCEDURAL HISTORY

1. Subaru has been sued in a civil action entitled *Renee Giron v. Subaru of America, Inc.*, Case No. 2021CH05971, in the Circuit Court of Cook County, Illinois, County Department – Chancery Division (the "State Court Action").

2. Plaintiff Renee Giron's ("Plaintiff") Complaint was filed on November 29, 2021. Subaru was served with notice of process on December 10, 2021.

---

[1] Subaru reserves all rights to assert any and all defenses to the Complaint. Subaru further reserves the right to amend or supplement this Notice of Removal.

3. In the State Court Action, Plaintiff alleges, on behalf of herself and a putative class, that Subaru has violated the Illinois Biometric Information Privacy Act, ("BIPA") 740 ILCS 14/1, *et seq.*, based on technology Plaintiff characterizes as the DriverFocus Distraction Mitigation system, a suite of safety and convenience features Plaintiff alleges are installed in certain cars Subaru distributes through authorized retailers. Compl. ¶¶ 1, 2, 6. Plaintiff alleges that the proposed class includes "[a]ll persons in the State of Illinois who are current or former owners of Class Vehicles," which Plaintiff alleges include Model Year 2019-2022 Subaru Forester Touring; 2020-2022 Subaru Outback Limited, Touring, Touring XT, and Limited XT; and 2020-22 Subaru Legacy Limited, Limited XT, and Touring XT vehicles. Compl. ¶¶ 1, 48.

4. Plaintiff further alleges she and the members of the putative class are entitled to several remedies against Subaru, including: (1) statutory damages of up to $5,000 per alleged violation, (2) punitive damages, (3) attorneys' fees and costs, and (4) an injunction compelling Subaru to refrain from capturing, collecting, using, storing, disclosing, or disseminating Plaintiff's and class members' biometric identifiers or biometric information without obtaining their express consent and permanently destroying Plaintiff's biometric identifiers and biometric information. Compl. ¶ 33, p. 16.

5. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all process and pleadings filed in the State Court Action are attached hereto as **Exhibit 1**.

## VENUE AND JURISDICTION

6. Venue is proper in this Court pursuant to 28 U.S.C. §§ 93(a)(1), 1391, 1441(a), and 1446(a), because the Circuit Court of Cook County, Illinois, County Department – Chancery Division, where the Complaint was filed, is a state court within the Northern District of Illinois, Eastern Division.

7. As set forth more fully below, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d).

8. All other requirements for removal have been satisfied.

## GROUNDS FOR REMOVAL

**I. THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332(d).**

9. The Court has original jurisdiction over this action, and the action may be removed to this Court, under the Class Action Fairness Act of 2005 ("CAFA"). Pub. L. No. 109-2, 119 Stat. 4 (codified in scattered sections of 28 U.S.C.).

10. As set forth below, this is a putative class action in which: (1) Plaintiff alleges there are more than 100 members in the alleged class; (2) at least one member of the proposed class is a citizen of a different state than Subaru; and (3) the claims of the putative class members are alleged to exceed the sum or value of $5 million in the aggregate, exclusive of interest and costs. Thus, this Court has original jurisdiction over this action, and the action may be removed to this Court pursuant to 28 U.S.C. § 1332(d)(2).

**A. Plaintiff's Proposed Class Consists of More Than 100 Members.**

11. In the Complaint, Plaintiff purports to seek damages on behalf of herself and an alleged class of "persons in the State of Illinois who are current or former owners of Class Vehicles."[2] Compl. ¶¶ 48, 67-68.

---

[2] As noted, Plaintiff defines "Class Vehicles" as the Model Year 2019-2022 Subaru Forester Touring; 2020-2022 Subaru Outback Limited, Touring, Touring XT, and Limited XT; and 2020-22 Subaru Legacy Limited, Limited XT, and Touring XT vehicles. Compl. ¶ 1. Subaru denies Plaintiff's claims have any merit and further denies that any proposed class could be certified in this matter for numerous reasons. Subaru will vigorously contest Plaintiff's individual claims on the merits as well as any proposed class claims should Plaintiff seek to certify any proposed class in this case.

3

12. In the Complaint, Plaintiff alleges "the Class consists of thousands of people." *Id.* ¶ 51.

13. Accordingly, based on the allegations in the Complaint, the aggregate number of members of the alleged class is greater than 100 and meets the requirements of 28 U.S.C. § 1332(d)(5)(B). *See Irish v. BNSF Ry. Co.*, No. 08-CV-469-SLC, 2009 WL 276519, at *13 (W.D. Wis. Feb. 4, 2009) (in determining number of members of class, the "relevant question is whether 100 or more people fall within the definition of the class proposed by the plaintiffs in their complaint").

    B.    **Minimal Diversity Exists.**

14. This Court has original jurisdiction under CAFA when the parties in a class action are minimally diverse. 28 U.S.C. § 1332(d)(2)(A) ("The district courts shall have original jurisdiction of any civil action in which . . . (A) *any member of a class of plaintiffs is a citizen of a State different from any defendant . . .* ") (emphasis added).

15. Plaintiff (correctly) alleges that Subaru is incorporated in and has its principal place of business in New Jersey. Compl. ¶ 21.

16. Plaintiff has alleged, therefore, that Subaru is a citizen of New Jersey. *See* 28 U.S.C. § 1332(c)(1).

17. Plaintiff is a citizen of Illinois. Compl. ¶ 12; *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002) (citizenship of individual is her domicile).

18. Because at least one member of the proposed class is diverse from at least one defendant, the requirements for minimal diversity under 28 U.S.C. § 1332(d)(2)(A) are satisfied.

    C.    **The Amount in Controversy Requirement is Satisfied.**

19. Plaintiff claims entitlement to several remedies against Subaru, including: (1) statutory and punitive damages; (2) attorneys' fees; and (3) injunctive relief compelling Subaru to

refrain from capturing, collecting, using, storing, disclosing, or disseminating Plaintiff's and class members' biometric identifiers or biometric information without obtaining their express consent and permanently destroying Plaintiff's biometric identifiers and biometric information. Compl. at ¶ 16.[3]

20. Plaintiff alleges that the proposed class includes ""[a]ll persons in the State of Illinois who are current or former owners of Class Vehicles," which Plaintiff asserts is "thousands" of people. *See* Compl. ¶¶ 48, 51.

21. Plaintiff alleges she and proposed class members are entitled to: (1) the greater of actual damages or $1,000 for negligent violations and (2) the greater of actual damages or $5,000 for intentional or reckless violations for each of Subaru's purported violations of BIPA. Compl. ¶¶ 33, 62-67.

22. This allegation alone more than satisfies the amount in controversy requirement. Plaintiff alleges "thousands" of proposed class members (*i.e.*, no fewer than 2,000), *see* Compl. ¶ 51, and entitlement to up to $5,000 per violation, *see* Compl. ¶¶ 33. Thus, Plaintiff seeks at least $10,000,000, which far exceeds the statutory $5,000,000 minimum. *See Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 447 (7th Cir. 2005) ("suits are removed on the pleadings" and CAFA amount in controversy satisfied where plaintiff alleged entitlement to trebled $500 damages for 3,800 putative class members).

23. Additionally, and although the amount is controversy is demonstrably satisfied based on the alleged remedies sought, Plaintiff also seeks an unspecified recovery of attorneys'

---

[3] Subaru disputes that it does any of these things, but for purposes of removal pursuant to CAFA Plaintiff's allegations control. *Ayotte v. Boeing Co.*, 316 F. Supp. 3d 1066, 1072 (N.D. Ill. 2018) (for purposes of removal court must "assume the truth of all factual allegations contained within the original complaint").

fees, Compl. ¶ 33, which fees also may be included in satisfying the jurisdictional amount in controversy. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 512 (7th Cir. 2006) ("[A]ttorneys' fees up to the time of removal also count toward the jurisdictional amount.")

24. Plaintiff further requests injunctive relief, Compl. ¶ 33, which amount in controversy is measured by the "value of the object of the litigation" from either the plaintiff's or defendant's perspective. *Macken ex rel. Macken v. Jensen*, 333 F.3d 797, 799 (7th Cir. 2003). Accordingly, the value of the injunctive relief Plaintiff seeks is also included in the aggregate amount in controversy.

25. Taken together, these amounts to which Plaintiff claims she and the putative class members are entitled more than satisfy the $5,000,000 amount in controversy requirement of 28 U.S.C. § 1332(d)(2).

## II. ALL OTHER REMOVAL REQUIREMENTS ARE SATISFIED.

26. The Notice of Removal is timely filed, pursuant to 28 U.S.C. § 1446(b). *See* 28 U.S.C. § 1446(b)(1) (establishing a deadline for removal of 30 days after service). The date of service was December 10, 2021, giving Subaru until January 10, 2022 to file a Notice of Removal.

27. Pursuant to 28 U.S.C. § 1446(d), contemporaneously with the filing of this Notice of Removal in the United States District Court for the Northern District of Illinois, written notice of such filing will be served by the undersigned on Plaintiff's Counsel of Record, and a copy of the Notice of Removal will be filed with the Clerk of the Circuit Court of Cook County, Illinois, County Department – Chancery Division.

28. By filing this Notice of Removal, Subaru does not waive any defense that may be available to it and expressly reserves all such defenses, including but not limited to those related to service of process and lack of personal jurisdiction.

## **CONCLUSION**

29. For all the reasons stated, this action is removable to this Court pursuant to 28 U.S.C. §§ 1441, 1446 and 1453, and this Court may exercise jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d).

Respectfully submitted this 5th day of January, 2022.

/s/ Livia M. Kiser

Livia M. Kiser
**KING & SPALDING LLP**
110 North Wacker Drive
Suite 3800
Chicago, IL 60606
Tel: (312) 995-6333
Fax: (312) 995-6330
E: lkiser@kslaw.com

*Attorney for Subaru of America, Inc.*

## **CERTIFICATE OF SERVICE**

    I hereby certify that, pursuant to Federal Rule of Civil Procedure, on January 5, 2022, I served a copy of the foregoing to Plaintiff's counsel via email and U.S. Mail at the following addresses:

| | |
|---|---|
| Daniel O. Herrera<br>**Cafferty Clobes Meriwether &**<br>**Sprengel LLP**<br>135 South LaSalle, Suite 3210<br>Chicago, Illinois 60603<br>dherrera@caffertyclobes.com | Nickolas J. Hagman<br>**Cafferty Clobes Meriwether &**<br>**Sprengel LLP**<br>135 South LaSalle, Suite 3210<br>Chicago, Illinois 60603<br>nhagman@caffertyclobes.com |

                                            By: */s/ Livia M. Kiser*
                                                    Livia M. Kiser