# EXHIBIT 1

Hearing Date: 3/31/2022 10:00 AM - 10:00 AM
Courtroom Number: 2601
Location: District 1 Court
Cook County, IL

* 5 0 1 2 3 7 4 0 *

FILED
11/29/2021 10:29 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH05971

15748992

| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |

**Summons - Alias Summons**  (08/01/18) CCG 0001 A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

RENEE GIRON,

(Name all parties)

v.

SUBARU OF AMERICA, INC.,

Case No.  2021 CH 05971

### ☐ SUMMONS  ☐ ALIAS SUMMONS

To each Defendant: Subaru of America, Inc., c/o CT Corporation System, Registered Agent
208 South LaSalle Street, Suite 814, Chicago, Illinois 60604

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance and pay the required fee **within thirty (30) days after service of this Summons**, not counting the day of service. To file your answer or appearance you need access to the internet. Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

**If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.**

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**
Page 1 of 3

Summons - Alias Summons                                        (08/01/18) CCG 0001 B

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.

Atty. No.: 12453

Atty Name: Daniel O. Herrera

Atty. for: Plaintiff

Address: 135 South LaSalle Street, Suite 3210

City: Chicago

State: IL     Zip: 60603

Telephone: 312-782-4880

Primary Email: dherrera@caffertyclobes.com

Witness: 11/29/2021 10:29 AM IRIS Y. MARTINEZ

DOROTHY BROWN, Clerk of Court

Date of Service:
(To be inserted by officer on copy left with Defendant or other person):

* 5 0 1 2 3 7 4 0 *

## CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATIONS

Richard J Daley Center
50 W Washington
Chicago, IL 60602

District 2 - Skokie
5600 Old Orchard Rd
Skokie, IL 60077

District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

District 4 - Maywood
1500 Maybrook Ave
Maywood, IL 60153

District 5 - Bridgeview
10220 S 76th Ave
Bridgeview, IL 60455

District 6 - Markham
16501 S Kedzie Pkwy
Markham, IL 60428

Domestic Violence Court
555 W Harrison
Chicago, IL 60607

Juvenile Center Building
2245 W Ogden Ave, Rm 13
Chicago, IL 60602

Criminal Court Building
2650 S California Ave, Rm 526
Chicago, IL 60608

### Daley Center Divisions/Departments

Civil Division
Richard J Daley Center
50 W Washington, Rm 601
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Chancery Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Domestic Relations Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Civil Appeals
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Criminal Department
Richard J Daley Center
50 W Washington, Rm 1006
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

County Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Probate Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Law Division
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Traffic Division
Richard J Daley Center
50 W Washington, Lower Level
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Hearing Date: 3/31/2022 10:00 AM - 10:00 AM
Courtroom Number: 2601
Location: District 1 Court
　　Cook County, IL

* 5 0 1 2 3 7 4 0 *

FILED
11/29/2021 10:29 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH05971

15748992

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |

Summons - Alias Summons (08/01/18) CCG 0001 A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

RENEE GIRON,

(Name all parties)

v.

SUBARU OF AMERICA, INC.,

Case No. 2021 CH 05971

☐ **SUMMONS** ☐ **ALIAS SUMMONS**

To each Defendant: Subaru of America, Inc., c/o CT Corporation System, Registered Agent
208 South LaSalle Street, Suite 814, Chicago, Illinois 60604

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance and pay the required fee **within thirty (30) days after service of this Summons**, not counting the day of service. To file your answer or appearance you need access to the internet. Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

**If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.**

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**

Summons - Alias Summons                                              (08/01/18) CCG 0001 B

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.

Atty. No.: 12453

Atty Name: Daniel O. Herrera

Atty. for: Plaintiff

Address: 135 South LaSalle Street, Suite 3210

City: Chicago

State: IL    Zip: 60603

Telephone: 312-782-4880

Primary Email: dherrera@caffertyclobes.com

Witness: _____ 11/29/2021 10:29 AM IRIS Y. MARTINEZ

DOROTHY BROWN, Clerk of Court

Date of Service: _____
(To be inserted by officer on copy left with Defendant or other person):

\* 5 0 1 2 3 7 5 4 0 \*

## CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATIONS

○ Richard J Daley Center
50 W Washington
Chicago, IL 60602

○ District 2 - Skokie
5600 Old Orchard Rd
Skokie, IL 60077

○ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

○ District 4 - Maywood
1500 Maybrook Ave
Maywood, IL 60153

○ District 5 - Bridgeview
10220 S 76th Ave
Bridgeview, IL 60455

○ District 6 - Markham
16501 S Kedzie Pkwy
Markham, IL 60428

○ Domestic Violence Court
555 W Harrison
Chicago, IL 60607

○ Juvenile Center Building
2245 W Ogden Ave, Rm 13
Chicago, IL 60602

○ Criminal Court Building
2650 S California Ave, Rm 526
Chicago, IL 60608

### Daley Center Divisions/Departments

○ Civil Division
Richard J Daley Center
50 W Washington, Rm 601
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Chancery Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Domestic Relations Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Civil Appeals
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Criminal Department
Richard J Daley Center
50 W Washington, Rm 1006
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ County Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Probate Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Law Division
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Traffic Division
Richard J Daley Center
50 W Washington, Lower Level
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org

Hearing Date: 3/31/2022 10:00 AM - 10:00 AM
Courtroom Number: 2601
Location: District 1 Court
          Cook County, IL

* 5 0 1 5 2 3 7 4 0 *

FILED
11/29/2021 12:00 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL

15740023

**Chancery Division Civil Cover Sheet**
**General Chancery Section**

(12/26/19) CCCH 0623

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

Renee Giron,

Plaintiff

v.

Subaru of America, Inc.

Defendant

Case No: 2021CH05971

### CHANCERY DIVISION CIVIL COVER SHEET
### GENERAL CHANCERY SECTION

A Chancery Division Civil Cover Sheet - General Chancery Section shall be filed with the initial complaint in all actions filed in the General Chancery Section of Chancery Division. The information contained herein is for administrative purposes only. Please check the box in front of the appropriate category which best characterizes your action being filed.

**Only one (1) case type may be checked with this cover sheet.**

| | | |
|---|---|---|
| 0005 | ☐ | Administrative Review |
| 0001 | ☑ | Class Action |
| 0002 | ☐ | Declaratory Judgment |
| 0004 | ☐ | Injunction |
| | | |
| 0007 | ☐ | General Chancery |
| 0010 | ☐ | Accounting |
| 0011 | ☐ | Arbitration |
| 0012 | ☐ | Certiorari |
| 0013 | ☐ | Dissolution of Corporation |
| 0014 | ☐ | Dissolution of Partnership |
| 0015 | ☐ | Equitable Lien |
| 0016 | ☐ | Interpleader |

| | | |
|---|---|---|
| 0017 | ☐ | Mandamus |
| 0018 | ☐ | Ne Exeat |
| 0019 | ☐ | Partition |
| 0020 | ☐ | Quit Title |
| 0021 | ☐ | Quo Warranto |
| 0022 | ☐ | Redemption Rights |
| 0023 | ☐ | Reformation of a Contract |
| 0024 | ☐ | Rescission of a Contract |
| 0025 | ☐ | Specific Performance |
| 0026 | ☐ | Trust Construction |
| 0050 | ☐ | Internet Take Down Action (Compromising Images) |

☐ Other (specify) _____

Atty. No.: 12453          Pro Se 99500

Atty Name: Cafferty Clobes Meriwether & Sprengel LLP

Atty. for: Plaintiff

Address: 135 South LaSalle Street, Suite 3210

City: Chicago          State: IL

Zip: 60603

Telephone: 312-782-4880

Primary Email: dherrera@caffertyclobes.com

Pro Se Only: ☐ I have read and agree to the terms of the Clerk's Clerk's Office Electronic Notice Policy and choose to opt in to electronic notice from the Clerk's office for this case at this email address:

Email: _____

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org
Page 1 of 1

* 1752 0 1 2 3 7 4 0 *

Attorney No. 12453

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT – CHANCERY DIVISION**

FILED
11/29/2021 12:00 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL

| | |
|---|---|
| RENEE GIRON, individually, and on behalf of all others similarly situated | ) ) ) |
| Plaintiff, | ) ) Case No. 2021CH05971 |
| v. | ) ) |
| SUBARU OF AMERICA, INC., a New Jersey Corporation, | ) ) ) |
| Defendant. | ) ) ) |

## CLASS ACTION COMPLAINT

Plaintiff Renee Giron ("Plaintiff"), individually, and on behalf and all others similarly situated, by and through counsel, complains against Defendant Subaru of America, Inc. ("Subaru" or "Defendant") as follows:

### INTRODUCTION

1.    This action arises from Subaru's design, production, distribution, marketing, and sale of Model Year 2019-2022 Subaru Forester Touring, 2020-2022 Subaru Outback Limited, Touring, Touring XT, and Limited XT, and 2020-22 Subaru Legacy Limited, Limited XT, and Touring XT vehicles (the "Class Vehicles"), all of which are equipped with DriverFocus Distraction Mitigation System, also called the Driver Monitoring System (the "DriverFocus" or "DMS").[1]

---

[1] DriverFocus comes standard on Outback Touring, Touring XT, and Limited XT, Forester Touring, and Legacy Limited XT and Touring XT vehicles, and is an available option on Outback Limited and Legacy Limited vehicles.

2.      The DMS is a suite of safety features that functions by using a "near-infrared camera" to track the driver's face and eyes to determine if "the driver is not paying attention to the forward direction." If the system determines that the driver is not paying attention or is drowsy, it will alert the driver with either a visual warning on the vehicle's display system or audible warnings, or both.

3.      However, the DMS's features also include a driver recognition system, which "collects and stores data regarding the driver's facial features" in order to recognize up to five registered drivers. Upon recognizing a driver, the DMS can adjust vehicle features—such as the driver's position, climate control setting, side mirror position, and center information display settings—to the driver's pre-set preferences.

4.      Both the distraction mitigation and driver recognition features of the DMS scan and utilize the driver's biometric identifiers[2] and/or biometric information[3]—particularly, the person's retina/iris and face geometry—to recognize drivers and determine if the driver is either facing forward and focused on the road, or "distracted or drowsy."

5.      The DMS also collects and stores drivers' biometric identifiers and/or biometric information to recognize specific drivers. Specifically, the DMS stores drivers' biometric identifiers and/or biometric information on the same onboard computer Subaru routinely accesses through its Starlink system, through which Subaru collects and later accesses vehicle and operator data including but not limited to: mechanical conditions or incidents involving the vehicle, such as crash severity sensor data; vehicle time, speed and location; vehicle-occupants' search content;

---

[2] A "biometric identifier" is any personal feature that is unique to an individual, including fingerprints, iris scans, DNA and "face geometry", among others. *See* 740 ILCS 14/10.
[3] "Biometric information" is any information captured, converted, stored or shared based on a person's biometric identifier used to identify an individual. *See* 740 ILCS 14/10.

2

data relating to any phone calls made through the system; and vehicle performance data, such that

is automatically retrieved, recorded, and transmitted to Subaru.[4]

6.      However, in collecting and utilizing Plaintiff's and Class members' biometric

identifiers and biometric information (and unlike the other data Subaru collects through the

Starlink system), Subaru fails to: 1) warn drivers that the DMS captures, collects, and stores their

biometric identifiers and/or information; 2) inform drivers of the purpose or length of time that

Subaru collects, stores, and uses biometric identifiers and/or information; 3) obtain drivers' written

consent to capture their biometric identifiers and/or information; and 4) implement and/or make

publicly available a written policy disclosing to drivers Subaru's practices concerning the

collection, use, and destruction of their biometric identifiers and/or information in violation of the

Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq.*

7.      The Illinois General Assembly found that "[b]iometrics are unlike other unique

identifiers that are used to access finances or other sensitive information." 740 ILCS 14/5(c). "For

example, social security numbers, when compromised, can be changed. Biometrics, however, are

biologically unique to the individual; therefore, once compromised, the individual has no recourse,

is at heightened risk for identity theft, and is likely to withdraw from biometric-facilitated

transactions." *Id.*

8.      In recognition of these concerns over the security of individuals' biometrics, the

Illinois General Assembly enacted BIPA, which provides, *inter alia*, that private entities like

Defendant may not obtain and/or possess an individual's biometric data unless it:

  a.      Develops and makes available to the public a written policy establishing a
          retention schedule and guidelines for permanently destroying biometric
          identifiers and biometric information when the initial purpose for collecting

---

[4] *Subaru Starlink Privacy Policy*, SUBARU (May 1, 2018), available at:
https://www.subaru.com/company/starlink-privacy.html (last visited Nov. 24, 2021).

such identifiers or information has been satisfied or within three years of the individual's last interaction with the company, whichever occurs first;

b.    Informs the subject in writing that a biometric identifier or biometric information is being collected, stored and used and the specific purpose and length of time the biometric identifier or biometric information is being collected, stored, and used; and

c.    Receives a written release executed by the subject of the biometric identifier or biometric information.

740 ILCS 14/15(a)-(b).

9.    Additionally, BIPA prohibits an entity in possession of biometric identifiers or biometric information from 1) selling, leasing, trading, or otherwise profiting from an individuals' biometric identifiers or information, or 2) disclosing, redisclosing, or otherwise disseminating the individual's biometric identifiers and biometric information unless the individual consents to the disclosure or dissemination. 740 ILCS 14/15(c)-(d).

10.    Drivers can deactivate the DMS in order to preclude Subaru from collecting vehicle operators' biometric identifiers and/or biometric information, however, doing so deprives them of the critical safety benefits the DMS provides. Subaru's policies thus leave drivers between a rock and a hard place: forego standard safety features, or entrust their highly-sensitive biometric data to Subaru despite its failure to comply with BIPA.

11.    Accordingly, Plaintiff, individually, and on behalf of all others similarly situated, brings this action to enjoin, and recover damages stemming from, Defendant's BIPA violations.

## PARTIES

### Plaintiff Giron

12.    Plaintiff Renee Giron is a citizen and resident of Cook County, Illinois, living in Chicago, Illinois.

4

13.     In or about January 2020, Plaintiff purchased a 2020 Subaru Outback. Plaintiff's vehicle is equipped with the DMS, which scanned, obtained, saved, and used her biometric identifiers and/or biometric information in connection with their driver recognition profiles. Through the DMS, Subaru collected and stored Plaintiff's unique biometric identifiers or biometric information.

14.     Each time Plaintiff started her vehicle's ignition, Subaru captured, collected, obtained, used, and stored biometric scans of Plaintiff's face and facial geometry. Each time that Plaintiff drove her vehicle, Subaru captured, collected, obtained, used, and stored biometric scans of Plaintiff's eyes.

15.     At no point, either upon purchasing the vehicle or at any time thereafter, did Subaru provide a written notice to Plaintiff providing that the vehicle would collect, capture, obtain, or store biometric information and/or biometric identifiers; of the purpose or length of time that the vehicle would collect, store, or use biometric information and/or biometric identifiers; or establishing a schedule concerning the retention or permanent destruction of biometric information and/or biometric identifiers.

16.     Subaru did not obtain consent from Plaintiff to capture, collect, obtain, use or store her biometric identifiers or biometric information.

17.     Subaru never obtained from Plaintiff a signed written release permitting it to collect, capture, store, or user her biometric identifiers or biometric information.

18.     Plaintiff has suffered and continues to suffer an injury-in-fact based on Subaru's violations of her legal rights. Subaru intentionally interfered with Plaintiff's ability and right to possess and control her own sensitive and immutable biometrics. Subaru had no lawful right to collect, capture, use or store her biometrics without her consent.

* 5 0 1 2 3 7 4 0 *

19.     Plaintiff also suffered and continues to suffer an informational injury because Subaru failed and continues to fail to provide her with information to which she was entitled by statute. Through BIPA, the Illinois legislature created the right to receive certain information prior to another person or entity securing highly personal, private, and proprietary biometrics. Plaintiff was injured by not receiving this extremely critical information.

20.     By letter dated April 27, 2021, Plaintiff's counsel notified Subaru of Plaintiff's intent to commence this action on behalf of herself and the putative Class. When the parties proved unable to resolve this dispute, Plaintiff was left with no choice but to commence this action.

### Defendant Subaru

21.     Defendant Subaru is a corporation registered to do business in the State of Illinois, but organized under the laws of New Jersey, with its principal place of business at 2235 Route 70, West Cherry Hill, New Jersey 08002.

## JURISDICTION

22.     Jurisdiction is proper pursuant to 735 ILCS 5/2-209(a)(1), (a)(2), (b)(4), and (c) because Subaru transacts business in Illinois, deliberately targeted and continues to target business activities in Illinois, purposefully availed itself of the laws, protections, and advantages of doing business in Illinois, and because the events and transactions giving rise to the cause of action alleged herein occurred in Cook County, Illinois.

23.     Venue is proper pursuant to 735 ILCS 5/2-101 and 2-102 because Plaintiff is a resident of Cook County, Illinois, Subaru conducts business in this county, and because this is the county in which the transaction, or some part thereof, occurred.

## FACTUAL ALLEGATIONS

**A.    The Biometric Information Privacy Act**

24.    The global market for biometric technologies is growing at an exponential rate due to the increasing penetration of biometric-enabled consumer devices such as smartphones, tablets, speakers, and applications among consumers worldwide.

25.    However, despite the growing use of biometrics, "the full ramifications of biometric technology are not fully known" and "an overwhelming majority of members of the public are weary of the use of biometrics when such information is tied to finances and other personal information." 740 ILCS 14/5(f).

26.    In addition, in the early 2000s, major national corporations started using Chicago and other locations in Illinois to test "new applications of biometric-facilitated financial transactions, including finger-scan technologies at grocery stores, gas stations, and school cafeterias." 740 ILCS 14/5(b).

27.    As such, in 2008 the Illinois Legislature enacted BIPA to regulate the "collection, use, safeguarding, handling, storage, retention, and destruction of biometric identifiers and information." 740 ILCS 14/5(g).

28.    Biometric identifiers include "a retina or iris scan . . . or scan of . . . face geometry." 740 ILCS 14/10.

29.    Biometric information includes "any information, regardless of how it is captured, converted, stored, or shared, based on an individual's biometric identifier used to identify an individual." 740 ILCS 14/10.

30.    BIPA requires that any private entity in possession of biometric identifiers or biometric information develop and make publicly available a written policy regarding the retention

* 5 0 1 2 3 7 4 0 *

and permanent destruction of biometric identifiers and biometric information. Biometric identifiers and biometric information must be permanently destroyed "when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

31.     BIPA further obligates any private entity that collects, captures, purchases, receives, or otherwise obtains a person's biometric identifiers or biometric information, first to 1) inform the person that biometric identifiers or biometric information are being collected; 2) inform the person of the specific purpose and length of time that the biometric identifiers or biometric information are collected, stored, and used; and 3) obtain written consent from the person to collect, capture, receive, store, and use the person's biometric identifiers or biometric information, 740 ILCS 14/15(b), and to store, transmit, and protect from disclosure biometric identifiers or information in conformity with the reasonable standard of care for the industry, and in the same or more protected manner that it stores, transmits, and protects other confidential and sensitive information. 740 ILCS 14/15(e).

32.     BIPA also prohibits private entities from selling, leasing, trading, or otherwise profiting from, 740 ILCS 14/15(c), and from disclosing, redisclosing, or otherwise disseminating a person's biometric identifiers or biometric information without obtaining informed, written consent from that person or their legally authorized representative. 740 ILCS 14/15(d)(1).

33.     To ensure compliance with BIPA, and in recognition of the sanctity and critical importance its citizens' biometric information, the Illinois General Assembly expressly authorized a private right of action for any person aggrieved by a violation of BIPA. For each violation, the prevailing party may recover 1) the greater of actual damages or $1,000 for negligent violations,

2) the greater of actual damages or $5,000 for intentional or reckless violations, 3) attorneys' fees and costs, and 4) injunctive relief. *See* 740 ILCS 14/20.

34.     The Illinois Legislature, in passing BIPA, clearly recognized the imperative of keeping biometric information safe and secure. Biometric information, unlike other personal identifiers such as a Social Security number, cannot be changed or replaced if hacked, stolen, or misused.

**B.     Subaru's DriverFocus System**

35.     Like most modern industries, the automotive industry has worked to actively incorporate biometric data and technology into advanced vehicle features, ranging from providing security to integrating customized features as part of the driver experience.[5] Driver monitoring technology was first introduced by Toyota in 2006 using infrared sensors to monitor the driver's alertness and eventually engage the brakes.[6] Since then, companies including Lexus, General Motors, BMW, and Ford have all implemented this type of biometric monitoring technology.

36.     Subaru first implemented driver recognition and monitoring technology that relies on vehicle occupants' biometric identifiers and/or biometric information during the 2019 Model Year, when it introduced the DMS in Model Year 2019 Forester vehicles. Since then, Subaru has expanded the DMS to two additional vehicle lines: Outback and Legacy vehicles. DMS is a standard feature in MY2019-22 Forester Touring vehicles, as well as MY2020-22 Outback Touring, Touring XT, and Limited XT and Legacy Limited XT and Touring XT vehicles. DriverFocus is an available option on MY2020-22 Outback Limited and MY 2020-22 Legacy Limited vehicles.

---

[5] *In-Car Biometric Technology For Human Interaction*, HYUNDAI MOTOR GROUP NEWSROOM, Oct. 30, 2020, https://news.hyundaimotorgroup.com/Article/In-Car-Biometric-Technology-For-Human-Interaction
[6] *See e.g., Toyota Enhances Pre-Crash Safety System with Driver-monitoring Function*, TOYOTA (Sept. 6, 2005), available at: https://global.toyota/en/detail/248128.

37.     Subaru equips the DMS in Class Vehicles for the dual purpose of safety and convenience. The DriverFocus system tracks the driver's face and eyes to ensure that the driver is alert and focused on the road. Additionally, the DMS recognizes individuals to adjust the settings to the vehicle settings to the person's preferences.

38.     Class Vehicles are equipped with the DriverFocus system to "reduce distracted driving" and "give a helpful alert if a driver becomes distracted or drowsy."[7] The system uses a "near-infrared camera to focus on the driver's eyes and head positions."[8] The "near-infrared camera" tracks the driver's face and eyes to determine whether "the driver is not paying attention to the forward direction."[9] If the system determines that the driver is not paying attention or is drowsy, it will alert the driver with either a visual warning on the vehicle's display system or audible warnings, or both.

39.     The DriverFocus system operates by scanning, capturing, and tracking the drivers' biometric identifiers and/or biometric information, including scanning the driver's eyes and face geometry. The system is based on facial recognition technology that Subaru patented.

40.     When a driver starts a Class Vehicle, the DMS automatically scans the face of the occupant of the driver's seat to detect the driver's biometrics, including but not limited to facial geometry, to identify facial features or landmarks of the individual, and calculate a unique digital map of the driver's face based on various attributes of the driver's face. Indeed, the Class Vehicles' Owners Manuals acknowledge that the system utilizes "facial features" for DMS operation.

---

[7] See e.g., 2022 Subaru Outback Features, SUBARU
https://www.subaru.com/vehicles/outback/features.html (last visited Nov. 24, 2021).
[8] See e.g., EyeSight Driver Assist Technology Quick Guide, Legacy Outback Forester 2020, p.19, available at:
https://techinfo.subaru.com/stis/doc/ownerManual/3918800_2020_EyeSight_Gen4_QG_1st.pdf
[9] See 2020MY Outback Owner's Manual, p.396, available at:
https://cdn.subarunet.com/stis/doc/ownerManual/MSA5M2003D-2004D_STIS-opt.pdf

41.     The facial map constitutes a "biometric identifier." *See* 740 ILCS 14/10. Each facial map is unique and can be used to identify the particular individual.

42.     In addition to scanning drivers' facial features to determine if the driver is focused on the road, the DMS also stores and uses the biometric identifiers and/or biometric information to recognize specific individuals. Indeed, the ability to recognize individual drivers is one of the critical functions of the DMS.

43.     Subaru designed the DMS to recognize up to five users, or "registered drivers," and adjust various vehicle features—such as the driver's position, climate control setting, side mirror position, and center information display settings—to the driver's pre-set preferences.

44.     To become a registered driver, the system "collects and stores data regarding the driver's facial features."[10] When the driver enters the vehicle, the system will automatically scan the individual's face to determine if—based on a facial similarity score calculated by comparing the facial geometry of the recently scanned face to that of all facial scans stored in the vehicle's onboard computer—it matches registered facial feature data stored in the DMS. If the data matches, the vehicle will recall the individual, adjust the vehicle to the pre-saved user settings, and display a welcome screen with the driver's name, all of which are "uniquely linked to [the individual]."[11]

45.     Critically, the driver recognition system and its related features cannot operate without first collecting each user's biometric identifiers. While a driver can manually turn off DriverFocus, the system defaults to "On" each time that the vehicle's ignition is restarted. Further, even if the driver disables the driver recognition system after restarting the vehicle, the

---

[10] *See e.g.*, 2020MY Outback Owner's Manual, p.398.
[11] *See e.g.*, *EyeSight Driver Assist Technology Quick Guide, Legacy Outback Forester 2020*, p.25.

inattentive/drowsy driver feature cannot be disabled. As such, an individual cannot entirely prevent or avoid the Class Vehicle from scanning their biometric identifiers and/or biometric information.

46. Class Vehicles collect and store user's facial geometry data on an onboard computer that Subaru alone can access (as it does with myriad other vehicle data through its StarLink system and other means).

47. Prior to scanning a driver's biometric identifiers and/or biometric information, Subaru fails to inform Class Vehicle owners that the DMS captures, collects, and stores their biometric identifiers and/or information; or the purpose or length of time that their biometric identifiers and/or biometric information will be collected, stored, and used. Moreover, Subaru does not obtain a written executed release from the driver that Subaru will scan, collect or use the driver's biometric identifiers and/or biometric information, providing no opportunity for Class Vehicle owners to "opt out" of having their biometric data captured, collected, and stored.

## CLASS ALLEGATIONS

48. Plaintiff brings this action, individually, and on behalf of a class of similarly situated Illinois residents, pursuant to 735 ILCS 5/2-801, defined as follows:

> All persons in the State of Illinois who are current or former owners of
> Class Vehicles.

49. Excluded from the Class(es) are: (a) Defendant; (b) Defendant's affiliates, agents, employees, officers and directors; and (c) the judge assigned to this matter, the judge's staff, and any member of the judge's immediate family.

50. Plaintiff reserves the right to amend the Class definition if further investigation and discovery indicates that the Class definition should be narrowed, expanded, or otherwise modified.

51. Upon information and belief, the Class is so numerous that joinder of all members is impracticable. While the exact number and identity of individual members of the Class are

unknown at this time, such information being in the sole possession of Subaru and obtainable by

Plaintiff only through the discovery process. Plaintiff believes, and on that basis alleges, that the

Class consists of thousands of people. The number of Class members can be determined based on

Subaru's records.

52.     There exist questions of law and fact common to the Class, and which predominate

over any questions affecting only individual members. Class members' claims share a common

nucleus of operative facts, thus questions of law or fact pertaining to liability and common to the

Class predominate over individual issues, and include, without limitation:

    a.    Whether Defendant collects, captures, or otherwise obtains Plaintiff's and Class members' biometric identifies or biometric information;

    b.    Whether Defendant informs Plaintiff and Class members that it captures, collects, or otherwise obtains their biometric identifiers or biometric information;

    c.    Whether Defendant implemented and made public a written policy regarding the collection, retention, and permanent destruction of Plaintiff's and Class members' biometric identifiers and biometric information;

    d.    Whether Defendant informs Plaintiff and Class members of the specific purpose and length of time that their biometric identifiers or biometric information is collected, used, or stored;

    e.    Whether Defendant obtained a written executed release from Plaintiff and Class members to collect, capture, use, store, share, disclose, or otherwise disseminate their biometric identifiers or biometric information;

    f.    Whether Defendant intentionally or recklessly violated the provisions of BIPA; and

    g.    Whether Plaintiff and Class members are entitled to injunctive relief to enjoin Defendant's violations of BIPA.

53.     Plaintiff will fairly and adequately represent the interests of the Class. Plaintiff is

willing and prepared to serve as Class representative. Plaintiff has no interest adverse to, or which

directly and irrevocably conflicts with, the interests of other members of the Class. Moreover, Plaintiff has retained counsel experienced in prosecuting complex class action litigation.

54.     A class action is an appropriate method for the fair and efficient adjudication of the controversy. The adjudication of individual claims by Class members is impractical, as the costs of prosecution would exceed what each Class member has at stake. Moreover, individual adjudications would be unduly burdensome for the Court. By contrast, the claims of the Class are properly brought together, in a single class action, because all claims involve a common nucleus of operative facts and will require the same proofs at trial.

55.     Certification is also appropriate because, given the large number of Class members, allowing individual actions to proceed in lieu of a class action would run the risk of yielding inconsistent and conflicting adjudications. Certification of a class is a convenient and economical means for disposing of all claims based on the legal and factual issues raised in this complaint.

56.     Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

## COUNT I
### Violations of the Illinois Biometric Information Privacy Act
### 740 ILCS § 14/1, *et seq.*

57.     Plaintiff realleges and incorporates by reference all paragraphs as through fully set forth herein.

58.     Subaru is a "private entity" under BIPA. 740 ILCS § 14/10.

59.     Plaintiff is an individual who had her "biometric identifiers" and/or "biometric information" collected by Subaru. 740 ILCS § 14/10.

60.     Defendant collected, captured, or otherwise obtained Plaintiff's and Class members' biometric identifiers and/or biometric information through the DriverFocus/DMS equipped in the Class Vehicles.

14

* 5 0 1 2 3 7 4 0 *

61.     Plaintiff's biometric identifiers were used to identify her and, therefore, constitutes "biometric information" as defined by BIPA. 740 ILCS § 14/10.

62.     Defendant failed and continues to fail to implement and make publicly available a written policy regarding a retention schedule and guidelines for the permanent destruction of Plaintiff's and Class members' biometric identifiers or biometric information. 740 ILCS 14/15(a).

63.     Defendant failed and continues to fail to inform Plaintiff and Class members in writing that Plaintiff's and Class members' biometric identifiers and biometric information are being collected or stored. 740 ILCS 14/15(b)(1).

64.     Defendant failed and continues to fail to inform Plaintiff, Class members of the specific purpose and length of time that Plaintiff's and Class members' biometric identifiers and biometric information are being collected, store, and used. 740 ILCS 14/15(b)(2).

65.     Defendant failed and continues to fail to obtain a written executed release from Plaintiff and Class members to collect Plaintiff's and Class members' biometric identifiers and biometric information. 740 ILCS 14/15(b)(3).

66.     Defendant disclosed or otherwise disseminated Plaintiff's and Class members' biometric identifiers and biometric information without obtaining Plaintiff's and Class members' consent to disclose or disseminate Plaintiff's and Class members' biometric identifiers and biometric information. 740 ILCS 14/15(d).

67.     On information and belief, Defendant intentionally and/or recklessly violated the provisions of BIPA.

68.     As a direct and proximate result of the foregoing, Plaintiff and Class members suffered and will continue to suffer damages.

* 5 0 1 2 3 7 4 0 *

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf the Class, respectfully requests that the Court:

A.  Determine that the claims alleged herein may be maintained as a class action under section 2-801 of the Illinois Rules of Civil Procedure, and issue an order certifying the Class as defined above;

B.  Appoint Plaintiff as the representative of the Class and Plaintiff's counsel as Class Counsel;

C.  Award all actual, general, special, incidental, statutory, punitive, and consequential damages to which Plaintiff and Class members are entitled;

D.  Award pre-judgment and post-judgment interest on such monetary relief;

E.  Grant appropriate injunctive relief including, without limitation, an order that requires Defendant to refrain from capturing, collecting, using, storing, disclosing, or disseminated Plaintiff's and Class members' biometric identifiers or biometric information without obtaining their express written consent, and permanently destroying Plaintiff's and Class members' biometric identifiers and biometric information;

F.  Award reasonable attorney's fees and costs; and

G.  Grant such further relief that this Court deems appropriate.

Dated: November 25, 2021

*s/ Daniel O. Herrera*
Daniel O. Herrera
Nickolas J. Hagman
**CAFFERTY CLOBES MERIWETHER & SPRENGEL, LLP**
135 S. LaSalle, Suite 3210
Chicago, Illinois 60603
Phone: (312) 782-4880
Facsimile: (312) 782-4485
Email: dherrera@caffertyclobes.com
nhagman@caffertyclobes.com
Attorney No. 12453

*Attorneys for Plaintiff and the Class*