UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RENEE GIRON, individually and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>SUBARU OF AMERICA, INC.,<br>　　　　Defendant. | No.: 1:22-cv-00075<br><br>District Judge Jorge Luis Alonso<br><br>**Magistrate Judge Maria Valdez** |

**JOINT STATUS REPORT**

Plaintiff Renee Giron ("Plaintiff") and Defendant Subaru of America, Inc. ("SOA") (together, the "Parties"), by and through their undersigned counsel, hereby submit this Joint Status Report in light of the Court's referral of the case to the Magistrate for discovery supervision with the authority to set and extend deadlines, and a settlement conference. (ECF Nos. 36-38).

I.　　**Brief Summary of Claims Asserted in the Complaint**

Plaintiff asserts a single cause of action alleging violations of Sections 15(a) and (b) of the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq*., against SOA. Plaintiff alleges that SOA distributes and sells in the State of Illinois certain model year 2019-22 Subaru-brand vehicles equipped with a DriverFocus Distraction Mitigation System ("DriverFocus" or "DMS") that Plaintiff alleges includes a driver recognition feature, through which SOA collects, captures, possesses, obtains and utilizes drivers' biometric identifiers and/or biometric information, in violation of BIPA. SOA vigorously denies that Plaintiff's claims have any merit and expressly denies that it has violated BIPA or any other law.

II.  **Relief Sought**

Plaintiff seeks certification of proposed class, damages, pre- and post-judgment interest, attorneys' fees and costs and injunctive relief.  SOA expressly denies that Plaintiff or anyone else is entitled to relief, or that any proposed class could be properly certified, however defined.

III.  **Brief Description of Matter Referred**

The Court referred the case to the Magistrate for discovery supervision with the authority to set and extend deadlines, and a settlement conference.  (ECF Nos. 36-37).

Subsequently, on December 20, 2022, SOA filed a Notice of Appeal of the Court's Memorandum Opinion and Order denying SOA's Motion to Compel.  ("Order," ECF No. 34). SOA anticipates filing a motion to stay the case pending resolution of the appeal.

IV.  **Status of Briefing on Matters Referred**

There is currently no briefing on the matters referred.  However, the Magistrate's December 5, 2022, Minute Order requested that the parties are to file an agreed proposed schedule for remaining discovery in this case by December 21, 2022.  (ECF No. 38).

In light of SOA's Notice of Appeal, the Parties respective positions are set forth below.

a.  **SOA's Position**

SOA's position is that the Court should stay this proceeding in its entirety pending resolution of SOA's appeal of the Court's Order for the reasons to be set forth in SOA's forthcoming motion to stay pending appeal.  The law in the Seventh Circuit is clear that a notice of appeal under Section 16(a) of the Federal Arbitration Act ("FAA") "divests the district court of the power to proceed with the aspects of the case that have been transferred to the Court of Appeals."  *Bradford-Scott Data Corp. v. Physician Computer Network, Inc*., 128 F.3d 504, 505 (7th Cir. 1997) (citations and quotations omitted); *see also Lukis v. Whitepages Inc.,* 549 F. Supp.

2

3d 798, 802–03 (N.D. Ill. 2021) (same). Therefore, SOA's position is that SOA's Notice of Appeal divests the Court of jurisdiction, and the case should be stayed pending the outcome of the appeal—including discovery and the setting of a case schedule. SOA anticipates filing a motion to stay pending resolution of appeal.

In response to Plaintiff's position below, SOA indicated to the Court during the December 8, 2022, status conference that it was considering filing a notice of appeal, which should not have come as a surprise.

b. **Plaintiff's Position:**

Plaintiff only learned of Subaru's intent to appeal the Court's November 21, 2022 Order on December 20th—*after* devoting considerable time and effort to preparing a joint report addressing Subaru's inappropriate bifurcation proposal, and *after* the parties engaged in discovery, including a half-day inspection of Plaintiff's vehicle. Due to the timing of that disclosure and deadlines in other matters, Plaintiff has been unable to fully research and consider the propriety of Subaru's request for a stay of all discovery pending the outcome of its appeal. Plaintiff will address Subaru's request if and when Subaru moves for a stay pending resolution of its appeal. However, in the interest of avoiding yet another extensive delay, Plaintiff respectfully requests that the Court order Subaru to file any motion to stay no later than January 6, 2023.

In any event, should the Court elect to set a schedule in this case (as Subaru has yet to actually move for a stay), Plaintiff respectfully submits that bifurcation is inappropriate. The Court instead should enter a discovery schedule that mirrors the schedule previously agreed to by the parties and entered by Judge Lee, but accounts for the inordinate delay caused by Subaru's meritless motion to compel.

Before turning to the merits of Subaru's bifurcation request, it is important to note that Subaru answered Plaintiff's Complaint on March 7, 2022. (ECF No. 12.) After Subaru filed its answer, the parties met-and-conferred regarding a variety of issues (including a discovery schedule), and served its initial disclosures and seventy-five (75) discovery requests to which Plaintiff responded in full. At no point during the parties' initial discovery conferences did Subaru raise, let alone mention, bifurcation. After discovery was underway, Subaru filed a motion to compel arbitration on June 7, 2022. (ECF No. 19.) The Court denied Subaru's motion on November 21, 2022. (ECF No. 34.) Out of options to avoid facing the merits of Plaintiff's claim, Subaru now makes a feeble effort at asking this Court to further delay these proceedings by ordering bifurcation. Because the series of events clearly demonstrates Subaru's request is simply another dilatory effort to delay discovery, the Court should reject it.

Even if the Court were to consider the merits of Subaru's request to bifurcate, it is clear that the case law in this district does not support its request. In evaluating a motion for bifurcation, courts consider the following factors:

> (1) expediency, meaning whether bifurcated discovery will aid the court in making a timely determination on the class certification motion; (2) economy, meaning the potential impact a grant or denial of certification would have upon the pending litigation and whether the definition of the class would help determine the limits of discovery on the merits; and (3) severability, meaning whether class certification and merits issues are closely enmeshed.

*In re Groupon, Inc. Sec. Litig.*, No. 12 C 2450, 2014 WL 12746902, at *2 (N.D. Ill. Feb. 24, 2014). Subaru has not satisfied any of these factors.

4

First, "the main or most significant factor courts consider is expediency or whether bifurcated discovery will aid the court in making a timely determination on the class certification motion." *Beezley v. Fenix Parts, Inc.*, 328 F.R.D. 198, 202–03 (N.D. Ill. 2018) (collecting cases). Courts are careful to prevent allowing a defendant to "to engage in precertification discovery for the purpose of challenging the merits of the plaintiffs' claims before the court addresses issues of class certification." *Quinn v. Specialized Loan Servicing*, LLC, 321 F.R.D. 324, 327 (N.D. Ill. 2017). Here, bifurcation will have no bearing on the Court's making a timely determination on class certification. The discovery Plaintiff needs to support her individual claim is the same as her class certification claim: she must demonstrate that Subaru's practices violated the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq.*, which is determined solely through analysis of Subaru's source code and practices.[1] Thus, ordering bifurcation will not meaningfully alter the scope of the discovery necessary, and instead simply invites unnecessary discovery disputes.

Second, judicial economy does not weigh in favor of bifurcation. Judicial economy assesses whether the case is likely to continue if a class is not certified. *Beezley*, 328 F.R.D. at 203. Subaru argues that bifurcation will allow it to prevail on the merits, and effectively end the litigation. Ordering bifurcation simply allows Subaru to unilaterally determine whether a particular request relates to the merits or to class certification, and allows it to withhold the latter. This will undoubtedly burden the Court with unnecessary motion practice that could be avoided by simply denying Subaru's request. *Quinn*, 321 F.R.D. 327-28 (stating that "bifurcating discovery may give rise to disputes over whether a particular discovery request relates to the merits or to class certification") (citing *True Health Chiropractic Inc. v. McKesson Corp.*, No. 13-CV-02219-JST,

2015 WL 273188, at *2 (N.D. Cal. Jan. 20, 2015) (holding "bifurcation could raise a slew of issues as to what discovery relates to the class, as opposed to the named plaintiffs, thereby causing additional litigation regarding the distinction between the two"); *see also In re Groupon, Inc. Sec. Litig.*, 2014 WL 12746902, at *4 (holding "several courts have noted that bifurcation can actually increase the costs of litigation because of disputes over what constitutes merits and what constitutes class discovery").

Third, severability considers whether class certification and merits issues are closely enmeshed. *Beezley*, 328 F.R.D. at 203 (citation omitted). Here, merits issues and class certification issues are inextricably intertwined. In order for Plaintiff to prove a violation of BIPA, Plaintiff must establish that Subaru collects biometric data. That showing entails reviewing and analyzing source code, and is the same for Plaintiff and the putative class. *Beezley*, 328 F.R.D. at 204 (finding discovery would likely remain contentious and thus bifurcation was inappropriate). Indeed, while Subaru notes that the parties engaged in some pre-litigation discussion, those discussions all pertained to the DriverFocus system in the Class Vehicles generally, not—as Subaru contends— the merits of claims or issues that are individual to Plaintiff. The resolution of Plaintiff's claims, and indeed many of Subaru's defenses, concern issues that are common to all owners of the Class Vehicles. Other than issues, such as numerosity, which can be determined easily, it will be exceedingly difficult and time consuming to attempt to distinguish between issues that pertain to class certification versus the merits of Plaintiff's claims.

Fourth, contrary to Subaru's contention, bifurcation will prejudice not only Plaintiff, but also the thousands of putative Class members. Plaintiff initiated this action in November 2021. Despite Subaru answering Plaintiff's operative Complaint in March 2022, putting the parties at issue on Plaintiff's claims, Plaintiff has yet to receive any substantive discovery from Subaru.

Bifurcating discovery will only further delay resolution of Plaintiff's and Class members' claims, which will permit Subaru to continue to violate BIPA, and continue to put Plaintiff's and Class members' biometrics at risk, directly contrary to the Illinois Legislature's purpose of enacting BIPA. *See* 740 ILCS 14/5.

Subaru has not demonstrated "good cause" for bifurcation. *Beezley*, 328 F.R.D. at 201. As set forth above, bifurcation was not raised when the parties initially began discovery negotiations, and the first time Subaru raised bifurcation was after the Court denied its motion to compel arbitration. In order to establish good cause, "courts have insisted on a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Id.* (citing 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure § 2035, at 157–58 (3d ed. 2010)). Thus, in addition to failing on the merits, it is clear that Subaru's request for bifurcation is simply another delay tactic hidden under the guise of efficiency. As such, Plaintiff requests that the Court deny Subaru's request to bifurcate discovery. Further, Plaintiff proposes that the Court enter a discovery schedule that mirrors the schedule previously agreed upon (ECF No. 13), but adjusted for the delay caused by Subaru's motion to compel arbitration.

- *A date for SOA to supplement its responses and objections to Plaintiffs' first sets of written discovery:* ~~April 4, 2022~~ December 22, 2022.
- *A fact discovery completion date*: ~~November 4, 2022~~ July 24, 2023.
- *An expert discovery completion date, including dates for the delivery of expert reports:* An expert discovery cutoff of ~~March 3, 2023~~ November 20, 2023, and that: Plaintiffs file any expert report(s) by ~~December 2, 2022~~ August 21, 2023; SOA file any expert report(s) and rebuttal reports by ~~February 3, 2023~~ October 23, 2023; and Plaintiff file any rebuttal report(s) to SOA affirmative expert reports by ~~March 3, 2023~~ November 20, 2023.

- *A date for the filing of dispositive motions:*
- Plaintiff proposes Plaintiff's anticipated motion for class certification be due on ~~April 14, 2023~~ January 14, 2024; SOA to have up to and including ~~May 19, 2023~~ February 19, 2024 to file an opposition to Plaintiff's motion; and Plaintiff to have up to and including ~~June 9, 2023~~ March 11, 2024 to file a reply.
- A dispositive motion deadline of ~~May 26, 2023~~ February 26, 2024.

In the alternative, should the Court determine that bifurcation is appropriate, the bifurcated discovery schedule proposed by Subaru is entirely untenable. Subaru's proposed schedule does not provide sufficient time for Plaintiff to engage in sufficient analysis of Subaru's yet-to-be-produce discovery. For example, Subaru's proposed schedule, which necessitates the re-issuance of written discovery requests, provides for only one (1) month for Plaintiff to analyze the entirety of Subaru's production (including a detailed analysis of the DriverFocus code), take all depositions, and produce an expert report. This month also ignores time needed to meet and confer and engage in any necessary motion practice concerning the sufficiency of discovery responses. Clearly, Subaru's proposed schedule is designed not to engage in fulsome discovery, but instead to crunch Plaintiff and her counsel.

Plaintiff instead proposes a discovery schedule that mirrors the one to which Subaru initially agreed. (ECF No. 13.).

- *SOA to supplement its responses and objections to Plaintiffs' first sets of written discovery:* December 22, 2022.
- *Deadline to Complete Fact Discovery Concerning Subaru's Defenses and Plaintiff's Individual Claim*: July 24, 2023.

- *Deadline to Complete Expert Discovery Concerning Subaru's Defenses and Plaintiff's Individual Claim:* An expert discovery cutoff of November 20, 2023, and that: Plaintiffs file any expert report(s) by August 21, 2023; SOA file any expert report(s) and rebuttal reports by October 23, 2023; and Plaintiff file any rebuttal report(s) to SOA affirmative expert reports by November 20, 2023.

- *A date for the filing of dispositive motions:* Dispositive Motions to be filed by January 14, 2024; Responses to be filed by February 19, 2024; Reply Briefs to be filed by March 11, 2024.

**V.      Description of Completed and Future Discovery**

In April 2022, the parties exchanged Rule 26 initial disclosures and issued written discovery requests. On May 13, 2022, SOA provided Plaintiff with written objections to Plaintiff's discovery requests and refused to produce documents responsive to those requests on grounds that it intended to move to compel arbitration. On May 20, 2022, Plaintiff provided preliminary responses to SOA's written discovery requests and produced some documents. The Parties did not conduct any additional discovery while SOA's motion to compel arbitration was pending as set forth in the parties' June 15, 2022 Joint Status Report. (ECF No. 24.) On December 20, 2022, mere hours before Subaru filed its Notice of Appeal, the parties engaged in a half-day inspection of Plaintiff's vehicle.

**VI.     Whether the Parties Consent to Trial Before a Magistrate Judge**

The Parties do not consent to a trial before a Magistrate Judge.

**VII.    Dates or Deadlines Established by the District Judge**

On March 18, 2022, prior to the reassignment of this action and the filing of SOA's motion to compel arbitration, the Court entered the following fact discovery schedule: "The parties are to

exchange Rule 26(a) initial disclosures by 4/4/22 and initial written discovery requests by 4/4/22. The deadline for the amendment of pleadings or joinder of parties is 7/15/22. All fact discovery must be completed by 11/4/22." *See* ECF No. 17.

As discussed above, SOA's position is that SOA's Notice of Appeal divests the Court of jurisdiction, and the case should be stayed pending the outcome of the appeal—including discovery and the setting of a case schedule. *See supra* § IV(a). As noted above, Plaintiff has not yet had time sufficient to investigate the propriety of Subaru's position

## VIII. Status of Settlement Negotiations

The Parties do not request a settlement conference at this time.

***

Respectfully submitted this 21st day of December, 2022.

| | |
|---|---|
| */s/ Daniel O. Herrera* | */s/ Thomas E. Ahlering* |
| Daniel O. Herrera | Livia M. Kiser |
| Nickolas J. Hagman | Thomas E. Ahlering |
| **CAFFERTY CLOBES MERIWETHER & SPRENGEL, LLP** | **KING & SPALDING LLP** |
| 135 S. LaSalle, Suite 3210 | 110 N. Wacker Dr., Ste. 3800 |
| Chicago, Illinois 60603 | Chicago, IL 60606 |
| Ph: (312) 782-4880 | Ph: 312.995.6333 |
| dherrera@caffertyclobes.com | lkiser@kslaw.com |
| nhagman@caffertyclobes.com | tahlering@kslaw.com |
| | |
| *Counsel for Plaintiff and the Putative Class* | *Counsel for Defendant Subaru of America, Inc.* |

**CERTIFICATE OF SERVICE**

      I hereby certify that on December 21, 2022, I submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Illinois, Eastern Division, using the electronic case filing system of the court.

      */s/ Thomas E. Ahlering*
      *Counsel for Defendant Subaru of America, Inc.*