IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RENEE GIRON, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>SUBARU OF AMERICA, INC.,<br><br>    Defendant. | Case No. 1:22-cv-00075<br><br>Hon. Jorge L. Alonso<br><br>Magistrate Judge Maria Valdez |

**DEFENDANT'S OPPOSED MOTION TO STAY PENDING RESOLUTION OF APPEAL**

    Subaru of America, Inc. ("SOA"), by and through undersigned counsel, respectfully requests that the Court stay the case in its entirety pending resolution of SOA's appeal of the Court's Memorandum Opinion denying SOA's Motion to Compel Arbitration ("Order," ECF No. 34). In support thereof, SOA states as follows:

    1.    On November 21, 2022, the Court entered the Order denying SOA's Motion to Compel Arbitration. (ECF No. 34).

    2.    On December 20, 2022, SOA filed a timely Notice of Appeal pursuant to Section 16(a) of the Federal Arbitration Act ("FAA"). (ECF No. 39).

    3.    SOA's Notice of Appeal divests the Court of jurisdiction, and the case must be stayed pending resolution of the appeal. *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.").

4.     Controlling Seventh Circuit precedent holds that, "it is fundamental to a hierarchical judiciary that 'a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously." *Bradford-Scott Data Corp., Inc. v. Physician Computer Network, Inc.*, 128 F.3d 504, 505 (7th Cir. 1997) (quoting *Griggs*, 459 U.S. at 58). Therefore, "the notice of appeal accordingly brings [district court] proceedings to a halt unless the appeal is frivolous." *Id.* at 506.

5.     A notice of appeal under Section 16(a) of the FAA "divests the district court of the power to proceed with the aspects of the case that have been transferred to the court of appeals." *Id.* at 506; *see also Lukis v. Whitepages Inc.*, 549 F. Supp. 3d 798, 802–03 (N.D. Ill. 2021) (granting motion to stay pending resolution of appeal of decision denying motion to compel arbitration of plaintiff's claim).

6.     As noted by the Seventh Circuit in *Bradford*:

> Arbitration clauses reflect the parties' preference for non-judicial dispute resolution, which may be faster and cheaper. These benefits are eroded and may be lost or even turned into net losses, if it is necessary to proceed in both judicial and arbitral forums, or to do this sequentially. The worst possible outcome would be to litigate the dispute, to have the court of appeals reverse and order the dispute arbitrated, to arbitrate the dispute, and finally to return to court to have the award enforced. Immediate appeal under § 16(a) helps to cut the loss from duplication. Yet combining the costs of litigation and arbitration is what lies in store if a district court continues with the case while an appeal under § 16(a) is pending. ***Cases of this kind are therefore poor candidates for exceptions to the principle that a notice of appeal divests the district court of power to proceed with the aspects of the case that have been transferred to the court of appeals***.

*Id.* (emphasis added).

7.     This is particularly true where an appeal pursuant to Section 16(a) of the FAA, like here, raises the question of "whether the litigation may go forward in the district court" and "is precisely what the court of appeals must decide." *Id.*; *see also Pine Top Receivables of Illinois, LLC v. Banco De Seguoros Del Estado*, 2013 WL 3776971, at *1 (N.D. Ill. 2013) ("The resolution

of that issue will determine whether this case proceeds before us or an arbitrator. It would undermine the purpose of the interlocutory appeal to allow Defendant to continue pursuing discovery here, before the Seventh Circuit confirms that the case is properly before us. If the Seventh Circuit decides to send this case to arbitration, we will have wasted the resources of both the parties and this court on unnecessary and invalid proceedings.").

8. SOA's appeal is not frivolous, and the case should be stayed. There is no on-point Seventh Circuit case foreclosing SOA's arguments and there are several out-of-circuit opinions that support SOA's arguments. This Court's Order interpreted the Seventh Circuit's decision in *CCC Intelligent Solutions, Inc. v. Tractable Inc.*, 36 F.4th 721 (7th Cir. 2022) as holding that whether a non-signatory can enforce an arbitration agreement that contains a broad delegation clause is a question for the Court and not the arbitrator.

9. However, *CCC Intelligent* is not about delegation clauses. Indeed, the Seventh Circuit's decision in *CCC Intelligent* does not even mention a delegation clause or address whether a delegation clause delegates enforceability by a non-signatory to the arbitrator. *Id.* Accordingly, *CCC Intelligent* could not have held that non-signatory enforcement must be decided by the court when the arbitration agreement in question contains a delegation provision. Because the Seventh Circuit has yet to directly address this issue, SOA's appeal is meritorious, not frivolous.

10. SOA's meritorious appeal is also supported by out-of-circuit decisions, which *have* addressed this issue and have adopted the position that a delegation clause delegates to the arbitrator the question of whether a non-signatory can enforce the arbitration agreement. *See, e.g.*, *Blanton v. Domino's Pizza Franchising LLC*, 962 F.3d 842, 851–52 (6th Cir. 2020); *Swiger v. Rosette*, 989 F.3d 501, 507 (6th Cir. 2021); *Brittania-U Nigeria, Ltd. v. Chevron USA, Inc.*, 866 F.3d 709, 715 (5th Cir. 2017); *Contec Corp. v. Remote Sol.*, Co., 398 F.3d 205, 209 (2d Cir. 2005);

*Eckert/Wordell Architects, Inc. v. FJM Props. of Willmar, LLC*, 756 F.3d 1098, 1100 (8th Cir. 2014).

11. The appeal is not frivolous, and the case must be stayed pending resolution of SOA's appeal. *See, e.g.*, *Lukis*, 549 F. Supp. 3d at 802–03 (holding that appeal was frivolous because the result was not "obvious" or defendant's views were "wholly without merit."); *Pine Top Receivables of Illinois, LLC*, 2013 WL 3776971, at *2 ("We cannot conclude, on this slim evidentiary basis, that Plaintiff's appeal is so utterly meritless as to be frivolous. While we rejected Plaintiff's right to compel arbitration, we do not believe that Plaintiff filed this appeal in bad faith or in the complete absence of colorable legal arguments.").

12. Plaintiff opposes the relief sought in this Motion.

WHEREFORE, for the reasons stated above, SOA respectfully requests that the Court stay the action in its entirety pending resolution of SOA's appeal of the Court's Order denying SOA's Motion to Compel Arbitration. SOA requests such other, further relief this Court deems just.

DATED: December 28, 2022.                               Respectfully submitted,

                                                        /s/ Thomas E. Ahlering
                                                        Livia M. Kiser
                                                        Thomas E. Ahlering
                                                        **KING & SPALDING LLP**
                                                        110 N. Wacker Dr., Ste. 3800
                                                        Chicago, IL 60606
                                                        Ph: 312.995.6333
                                                        lkiser@kslaw.com
                                                        tahlering@kslaw.com

                                                        *Counsel for Defendant Subaru of America, Inc.*

## **CERTIFICATE OF SERVICE**

I certify that on December 28, 2022, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record who have consented to electronic notification.

*/s/ Thomas E. Ahlering*
Thomas E. Ahlering